Filed 4/6/26  P. v. Meyer CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICKEY EMERY MEYER,<br><br>    Defendant and Appellant. | A173114<br><br><br>(Del Norte County<br>Super. Ct. No. CF249112 |

Rickey Meyer appeals from his conviction following a no contest plea to attempted murder (Pen. Code §§ 664/187) with an admission to a personal use of a firearm enhancement (Pen. Code § 12022.53, subd. (b)).[1]  As reflected in the notice of appeal, the appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea and is authorized by California Rules of Court, rule 8.304(b).  Meyer's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), summarizing the facts and procedural history, asking this court to independently review the record to identify any issues warranting review.  Meyer was advised of his right to file a supplemental brief, but he did not do so.  We affirm but remand to the trial court to correct the abstract of judgment.

---

[1] All further undesignated statutory references are to the Penal Code.

1

## I.     BACKGROUND

On April 15, 2024, the Del Norte County District Attorney filed a complaint charging Meyer with offenses alleged to have occurred on March 8, 2024 (counts 1–3), March 10, 2024 (counts 4–6), and April 11, 2024 (counts 7–9).  Count one charged Meyer with attempted murder (§§ 664/187, subd. (a)) with an enhancement alleging he personally and intentionally discharged a firearm during the commission of the offense (§ 12022.53, subd. (c)).  In connection with this count, the complaint further alleged Meyer had two prior convictions from 2019 that constituted "strikes" (§ 1170.12, subd. (c)(2)) as well as serious felonies (§ 667, subd. (a)(1)).  Count two charged Meyer with assault with a semiautomatic firearm (§ 245, subd. (b)) with an enhancement alleging he personally used a firearm during the commission of the offense (§ 12022.5, subd. (a)).  Count three alleged Meyer was a prohibited person in possession of a firearm (§ 29800, subd. (a)(1)) and that he personally used a firearm during the commission of the offense (§ 12022.5, subd. (a)).  Count four charged Meyer with attempted second-degree robbery (§§ 664/211) with an enhancement for personal use of a firearm (§ 12022.53, subd. (b)).  Count five charged Meyer with another assault with a semiautomatic firearm (§ 245, subd. (b)) with an enhancement alleging he personally used a firearm during the commission of the offense (§ 12022.5, subd. (a)).  Counts six and seven each charged Meyer with unlawful possession of a firearm by a prohibited person (§ 29800, subd. (a)(1)), and count six included an enhancement that he personally used a firearm during the offense (§ 12022.5, subd. (a)).  Count eight charged Meyer with unlawful possession of ammunition (§ 30305, subd. (a)(1)).  Count nine charged Meyer with being in possession of a controlled substance while armed with a loaded, operable firearm (Health & Saf. Code, § 11370.1).  Counts two through nine

2

each included the same two prior strike allegations and serious felony sentencing enhancements as alleged in connection with count one.

Meyer was arraigned on April 15, 2024, and counsel was appointed. After a conflict was declared, new counsel was appointed on April 16, 2024. On April 18, 2024, Meyer entered not guilty pleas and denials to all special allegations and enhancements, and a preliminary hearing was set without a time waiver. The court denied bail at the initial appearance on April 15, 2024.[2]

At the preliminary hearing held on April 30, 2024, the parties stipulated—for preliminary hearing purposes only—to the existence of all prior felony convictions alleged in the complaint. At the conclusion of the hearing, the court held Meyer to answer on all substantive charges and firearms enhancements as charged in the complaint.

On April 30, 2024, an information was filed reflecting the same charges, enhancements and prior convictions as alleged in the complaint. Meyer was arraigned on May 14, 2024 but reserved entry of plea ultimately to June 12, 2024. On that date, Meyer entered not guilty pleas and denied all special allegations, aggravating factors, and enhancements, and he entered a written time waiver.

On July 30, 2024, defense counsel filed a motion seeking Meyer's release on his own recognizance or a reduction in bail. The prosecution opposed the motion, and a hearing was held on August 1, 2024 wherein the

---

[2] From the onset, Meyer had a concurrent case under a different court number wherein a petition had been filed alleging he was in violation of post-release community supervision (PRCS). At the initial appearance the court denied bail based on Meyer's "no bail" status in the PRCS case but also found clear and convincing evidence demonstrated that public safety was "at issue" and that there were no reasonable means to assure the safety of the public were Meyer released. The PRCS case is not part of the instant appeal.

court heard testimony from Meyer's probation/PRCS officer and argument from counsel. At the conclusion of the hearing, the court declined to change Meyer's "no-bail" status, finding he represented both a flight risk and a danger to the community and that no amount of monetary bail or conditions of supervision could sufficiently ameliorate those risks.

After several "setting" appearances, a jury trial was set for January 27, 2025. On January 7, 2025, a motion to amend the information was filed seeking to add two additional felony charges and alleging factors in aggravation.

On January 13, 2025, the parties advised the court they had reached a resolution. Prior to addressing the resolution and without objection, the court granted the motion to amend the information. Thereafter, Meyer entered a plea of no contest to attempted murder (§§ 664/187) as charged in count one and admitted an amended enhancement to the charge, to wit, that he personally used a firearm during the commission of the offense (§ 12022.53, subd. (b)). The parties stipulated to imposition and execution of a sentence constituting the mid-term of seven years plus ten years for the enhancement for an aggregate term of 17 years in state prison with conduct credits limited to 15 percent of actual time served. All other charges, enhancements and special allegations were to be dismissed. Meyer executed a waiver of rights form to this effect and answered all questions put to him during the plea colloquy. The parties stipulated to the transcript of the preliminary hearing as the factual basis for the plea and admission. The court accepted Meyer's plea and admission, finding each to have been entered knowingly, intelligently, and voluntarily.

On April 11, 2025, the court pronounced sentence in accordance with the agreement between the parties. Specifically, it imposed the mid-term of

4

seven years for attempted murder (§§ 664/187) and added ten years to the sentence for the enhancement alleging personal use of a firearm during the commission of the offense (§ 12022.53, subd. (b)). It awarded 366 days for actual time in custody and added 54 days of custody credits for total custody credits of 420 days.[3] As part of his sentence, the court also ordered a DNA sample, a $300 restitution fine pursuant to section 1202.4 and an identical fine under section 1202.45 and ordered "both suspended pending the successful completion of parole." The court did not impose a criminal conviction fee or a court operations fee. The balance of the charges and enhancements were dismissed per the negotiations.[4]

An abstract of judgment was issued on April 14, 2025 that mistakenly included a $40 court operations assessment (§ 1465.8) and a $30 conviction assessment (Govt. Code, § 70373) neither of which the court imposed, and it misidentified Meyer's custody credits to have been awarded pursuant to section 4019 rather than section 2933.1. It also omitted a reference to subdivision (b) when it reflected the enhancement imposed was pursuant to section 12022.53. Finally, the abstract did not reflect that the $300 fine imposed per section 1202.4 was suspended by the court unless and until parole was revoked. In all other respects, it accurately reflected the sentence imposed.

---

[3] Prior to the sentencing hearing, the probation department filed a pre-sentence investigation report that calculated Meyer's custody credits and accurately reflected his conduct credits would be limited pursuant to section 2933.1, subdivision (a).

[4] Another element of Meyer's negotiated resolution required "any criminal case" filed against another specified individual to be dismissed. There is nothing in the record indicating that condition went unfulfilled. Since the record is silent on this point, we will assume the condition was satisfied.

## II.  DISCUSSION

Following *Wende's* guidelines, we have reviewed counsel's brief, and the entire appellate record.  Meyer's appeal is limited to post plea claims, including sentencing issues, that do not challenge the validity of the plea. (Cal. Rules of Court, rule 8.304(b); *People v. Cuevas* (2008) 44 Cal.4th 374, 379.)  Here, Meyer entered into a negotiated disposition with the People, knowingly, intelligently, and voluntarily waived his constitutional and statutory rights, and the court imposed a sentence in accordance with the plea agreement and awarded the proper custody credits.  Although not expressed on the record, the credits were awarded pursuant to section 2933.1 subdivision (a) and not section 4019 as the abstract reflects.  Section 2933.1 subdivision (a) controls the calculation of credits as a matter of law in cases like Meyer's where the offense is a designated violent offense and limits such credits to 15 percent.[5]  Meyer acknowledged his offense was a violent offense as defined in section 667.5 subdivision (c) and he acknowledged the limitation on custody credits in his waiver of rights form and on the record at the time of the plea.

As noted above, the abstract included fines and fees not imposed by the court on the record at the sentencing hearing.  It is firmly established that fines, fees, and other financial assessments cannot be included in an abstract of judgment in a criminal case unless imposed by the court by its oral pronouncement at sentencing.  (*People v. Clark* (2021) 67 Cal.App.5th 248,

---

[5] Section 2933.1, subdivision (a) states:  "Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in section 2933."  Subdivision (c) of section 2933.1 further provides, in relevant part:  "Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned . . . shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a)."

260–261.) By the same logic, when the court suspends execution of a fine in its oral pronouncement, that fact must be reflected on the abstract as well.

Beyond this, our review of the record does not reveal any cognizable post plea claims. Consequently, we affirm the conviction. (*Wende, supra*, 25 Cal.3d at p. 443.)

## III.   DISPOSITION

Upon issuance of the remittitur, the clerk of the superior court is ordered to prepare and send to the California Department of Corrections and Rehabilitation a certified amended abstract of judgment that reflects the entirety of the sentence. The amended abstract shall omit the criminal conviction fee and court operations fee, and it shall reflect that the restitution fine imposed pursuant to section 1202.4 was suspended. It should also reflect the custody credits were awarded pursuant to section 2933.1 and reflect the ten-year enhancement was imposed pursuant to subdivision (b) of section 12022.53. The judgment is affirmed in all other respects.

_____

Moorman, J.*


WE CONCUR:


_____

Streeter, Acting P. J.


_____

Goldman, J.


People v. Meyer/A173114


* Judge of the Superior Court of California, County of Mendocino, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8